IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> - against - <br><br> AVRAHAM MEYER EISENBERG, <br><br> Defendant. | CRIM. No.: 3:22-mj-01583-BJM |

## MOTION SEEKING LEAVE TO INTERVENE AND REQUEST ACCESS TO BAIL HEARING TRANSCRIPT

**TO THE HONORABLE MAGISTRATE JUDGE BRUCE J. MCGIVERIN:**

**COMES NOW**, Third-Party Intervenor, BLOOMBERG, L.P., through its undersigned attorneys, and respectfully states and prays as follows:

1. Bloomberg, L.P. ("Bloomberg"), is a privately held financial, software, data, and media company. At its core, Bloomberg is a global business and financial information and news leader, that delivers news and other services to its subscribers through the Bloomberg Terminal, and to the public via its global television network, news websites, radio stations, newsletters, and magazines.

2. As the core of Bloomberg's reporting focuses on business and financial news, it has devoted significant time and resources to covering issues relating to cryptocurrency and the recent instances of fraud in the cryptocurrency sector.[1] Indeed, such issues have been a subject of significant interest to its readers and viewers.

---

[1] *See generally* https://www.bloomberg.com/crypto; *see also*, *e.g.*, Suvashree Ghosh and Isabelle Lee, *Bitcoin Rally Cools After Surge to the Highest Level since June*, Bloomberg (Mar. 14, 2023), https://www.bloomberg.com/news/articles/2023-03-14/bitcoin-tops-25-000-as-sentiment-stays-upbeat-after-us-steps?utm_source=google&utm_medium=bd&cmpId=google; Olga Kharif, *Signature Bank Closure Deals Another Blow to Crypto Industry*, Bloomberg (Mar. 12, 2023), https://www.bloomberg.com/news/articles/2023-03-

3.  On January 9, 2023, the U.S. Attorney for the Southern District of New York filed a three-count Indictment against Avraham Eisenberg charging him with commodities fraud, commodities market manipulation, and wire fraud in connection with Mr. Eisenberg's manipulation of the Mango Markets decentralized cryptocurrency exchange. As alleged in the Indictment filed on January 9, 2023, Eisenberg engaged in a scheme to fraudulently obtain approximately $110 million worth of cryptocurrency from the cryptocurrency exchange Mango Markets and its customers and achieved this objective by artificially manipulating the price of certain perpetual futures contracts. *See United States of America v. Avraham Eisenberg*, Case No. 23-cr-10 (S.D.N.Y.) (the "SDNY Criminal Action") (Dkt. No. 4).

4.  Prior to his Indictment, Mr. Eisenberg was arrested in Puerto Rico pursuant to a sealed criminal complaint. Mr. Eisenberg made an initial appearance in the above-captioned action pursuant to Fed. R. Crim. P. 5(c)(3) before Your Honor on December 27, 2022 (the "Initial Appearance") (Dkt. No. 3), and three days later, on December 30, 2022, the Court held a hearing concerning Mr. Eisenberg's pre-trial detention (the "Bail Hearing") (Dkt. No. 7). On January 4, 2023, the Court issued an Order finding that pretrial detention of Mr. Eisenberg was warranted (Dkt. No. 8), and on January 9, 2023, the Court So Ordered Mr. Eisenberg committed to the Southern District of New York (Dkt. Nos. 9 and 11) where he is currently awaiting trial in the SDNY Criminal Action.

---

12/signature-bank-closure-deals-another-blow-to-crypto-industry?leadSource=uverify%20wall; Bob Van Voris, Ava Benny-Morrison, Laura Davison and Bill Allison, *Bankman-Fried Prosecutors Allege Plot to Shape Crypto Policy*, Bloomberg (Feb. 23, 2023), https://www.bloomberg.com/news/articles/2023-02-23/new-charges-to-be-unsealed-in-bankman-fried-case?leadSource=uverify%20wall; Robert Burnson, *Accused Mango Labs Crypto Scammer Seeks to Keep Disputed Funds*, Bloomberg (Feb. 15, 2023), https://www.bloomberg.com/news/articles/2023-02-16/accused-mango-labs-crypto-scammer-seeks-to-keep-disputed-funds?leadSource=uverify%20wall.

5. Bloomberg now moves this Court to intervene in the above-captioned action, or in the alternative for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651,[2] to respectfully request public access to the transcripts of the Initial Appearance and the Bail Hearing (the "Transcripts") pursuant to the First Amendment and common law rights of access, and the Court's Third Amended General Standing Order of January 24, 2023 by Hon. Judge Raúl M. Arias-Marxuach-, *In re: Transcript Requests in Criminal Cases*, Misc. No. 20-061(RAM) (D.P.R. Jan. 24, 2023) (the "Standing Order").

6. The United States Supreme Court has recognized "a general right to inspect and copy public records and documents" and "that the decision as to access is one best left to the sound discretion of the trial court[.]" *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-599 (1978). It has also made clear that the First Amendment provides a "presumption of openness" to judicial proceedings and documents that "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Supreme Court of California,* 464 U.S. 501, 510 (1984).[3]  As a result, the First Circuit has held that the public has a right to a "full understanding" of criminal proceedings, thereby placing the public in a position "to serve as an effective check on the system." *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002) (citation omitted).  The First Circuit has "long recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" *Id*. at 9 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).

---

[2] Courts in the First Circuit have granted motions of the press to intervene in criminal matters but have suggested that the proper mechanism to assert access rights is via a writ of mandamus under the All Writs Act.  *See In re Globe Newspaper Co.*, 920 F.2d 88, 90 (1st Cir. 1990); *United States v. Chin*, 913 F.3d 251, 255 (1st Cir. 2019).

[3] Likewise, Courts have recognized that the public has a presumptive common law right of access to judicial proceedings and judicial documents in criminal proceedings.  *See Nixon*, 435 U.S. at (1978); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986).

7. While the presumption of access is not absolute, and is subject to the trial court's discretion, "it can only be overcome 'by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *In re Providence Journal*, 293 F.3d at 11, 17 (quoting *Press-Enterprise*, 464 U.S. at 510).

8. The First Amendment right of access to criminal trials encompasses "most pretrial proceedings," *Id.* at 10, and "the documents filed in regard to them." *United States v. Kravetz*, 706 F.3d 47, 55, n.6 (1st Cir. 2013). This right of access includes both preliminary hearings and bail hearings like those at issue here. *See Rivera Puig v. Garcia Rosario*, 785 F. Supp. 278, 290 (D. P.R. 1992) (holding right of public access applies to preliminary hearings); *In re Globe Newspaper*, 729 F.2d at 52 ("[T]he bail decision is one of major importance to the administration of justice, and openness will help to assure the public that the decision is properly reached."); *see also United States v. Graham*, 257 F.3d 143, 154 (2d Cir. 2001) ("The detention of criminal defendants pending trial is a quintessential exercise of a court's Article III judicial power, and the public has a legitimate interest monitoring a court's use of that power.") (citation omitted). As such, the Transcripts of the Initial Appearance and Bail Hearing are subject to a strong presumption of public access, and no countervailing interest in closure exists or has been asserted by any party.

9. Notwithstanding the above, pursuant to the Standing Order dated January 24, 2023, the U.S. District Court for the District of Puerto Rico requires that "[i]n all criminal cases filed in the United States District Court of Puerto Rico, transcripts of any and all proceedings will only be prepared by a Court Reporter upon prior approval by the presiding judge[,]" and "[e]xcept for the United States, all transcript will be requested by motion to the Court and will be processed when ordered by the presiding judge." *See* Standing Order. The stated purpose of the Standing Order is "to protect the safety of federal inmates who may be coerced by other inmates into providing

their transcript of a guilty plea hearing or a sentencing hearing to demonstrate they have not received a safety valve reduction or were not cooperating in the prosecution of other defendants." *Id.*

10. The Transcripts requested by Bloomberg do not involve a guilty plea hearing or a sentencing hearing; thus, the Standing Order dated January 24, 2023 does not directly apply. Even if it did, disclosure of the Transcripts here will not impIntervlicate any of the concerns that motivated the Standing Order.  Indeed, Mr. Eisenberg is no longer in the District of Puerto Rico, having been transferred to the Southern District of New York for trial.  *See* Dkt. No. 9.  Further, on February 14, 2023, Mr. Eisenberg entered a plea of "not guilty" in the SDNY Criminal Action. *See* SDNY Criminal Action (Minute Entry dated Feb. 14, 2023).  Thus, there is no concern that the disclosure of the Transcripts will endanger Mr. Eisenberg in any way.

**WHEREFORE**, the undersigned respectfully requests that this Honorable Court release the Transcripts of the Initial Appearance and the Bail Hearing to the undersigned.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 28th day of March 2023.

**McCONNELL VALDÉS LLC**
Attorneys for Bloomberg L.P.
270 Muñoz Rivera Ave.
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Tel. (787) 250-5810
Fax. (787) 759-8282

*s/Victoria M. Rivera Llorens*
Victoria M. Rivera Llorens
USDC-PR No. 307808
vrll@mcvpr.com